# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD VICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5707** |
| **ACTING MAJOR R. SEAL, ET AL.** | **SECTION: "S"(1)** |

## O R D E R

Plaintiff, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. He named as defendants Acting Major Ronnie Seal, Lieutenant Randall Williams, and Acting Lieutenant Taylor. In this lawsuit, plaintiff asserts excessive force claims based on an incident which allegedly occurred on October 7, 2016.

Plaintiff recently filed a "Motion for Temporary Restraining Order and/or Preliminary Injunction." Rec. Doc. 6. In that motion, he requests that the Court enjoin "Warden McCain, their [sic] agents, servants, employees and attorneys, and those persons in active concert or participation with them." Although plaintiff does not specify the particular actions he seeks the Court to enjoin, the facts alleged in his motion concern only the adequacy of medical care he is being provided for HIV and "self mutilation."

"[W]hile a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, '[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.'" Lando & Anastasi, LLP v. Innovention Toys, L.L.C., Civ. Action No. 15-154, 2015 WL 12564201, at *2 (E.D. La. Oct. 15, 2015) (quoting Kaimowitz v. Orlando, Florida, 122 F.3d 41, 43 (11th Cir. 1997)). Courts have therefore routinely declined to grant a

prisoner injunctive relief concerning conduct unrelated to the underlying claims of his lawsuit. See, e.g., Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his … lawsuit." (citation omitted)); Power v. Starks, No. 4:16-CV-00045, 2017 WL 2062940 (N.D. Miss. May 12, 2017); Bradley v. Meadows, No. 2:11-cv-153, 2012 WL 1826334 (E.D. Ark. May 18, 2012). Because plaintiff seeks to enjoin the actions of nonparties concerning matters wholly unrelated to the claims at issue in this lawsuit, his motion is **DENIED**.

If plaintiff wishes to pursue claims challenging the adequacy of his health care and seek injunctive relief concerning such matters, his recourse to file a separate lawsuit asserting appropriate claims against appropriate individuals after exhausting his administrative remedies.

New Orleans, Louisiana, this third day of August, 2017.

*[signature]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**